NO. 07-06-0265-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY17, 2007

_____

IN THE INTEREST OF M.C., B.C., AND A.C., CHILDREN

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B33879-0502; HONORABLE KEVIN C. HART, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Sihibon Crawford appeals the trial court's order terminating her parental rights to her three children.[1] The trial court found by clear and convincing evidence that statutory grounds existed under chapter 161 of the Texas Family Code for termination of Crawford's parental rights and also found that termination was in the best interest of the

---

[1]The trial court's order also terminated the father's parental rights, but he is not a party to this appeal.

children. In presenting this appeal, appointed counsel has filed an *Anders*[2] brief in support of a motion to withdraw.[3] We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Monroe v. State*, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous. Counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978). Counsel has also shown that he sent a copy of the brief to Crawford and informed her that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified Crawford of her right to review the record and file a pro se response if she desired to do so. The Clerk of this Court has also advised Crawford by letter of her right to file a response to counsel's brief. Crawford did file a response. The Department of Family and Protective Services did not favor us with a brief.

When the Texas Department of Family and Protective Services commenced its termination suit in February 2005, Crawford's children were nine, eight, and six years old.

---

[2]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3]This Court has previously held that appointed counsel may file an *Anders* brief in an appeal from a parental rights termination order. *See In re A.W.T.,* 61 S.W.3d 87, 88 (Tex.App.–Amarillo 2001, no pet.).

According to the caseworker, the facts necessitating removal included, among other facts, the parents' use of controlled substances, little or no food for the children, no heat, very little furniture in the home, and deplorable living conditions. At the termination hearing, the trial court heard evidence from the caseworker and made the following findings:[4]

- Crawford failed to comply with a court order that established the requirements for her to obtain return of her children;
- Crawford constructively abandoned her children;
- Crawford failed to support her children in accordance with her ability; and
- termination is in the best interest of the children.

Counsel advances two issues which might arguably support an appeal, to-wit: (1) denial of an oral motion for continuance and (2) sufficiency of the evidence to support termination. Counsel then concludes that termination of Crawford's parental rights was appropriate.

A trial court does not abuse its discretion in denying a motion for continuance that is not written nor verified. *See* Tex. R. Civ. P. 251. *See also In re E.L.T.*, 93 S.W.3d 372, 375 (Tex.App.–Houston [14th Dist.] 2002, no pet.). The record reflects that counsel presented an oral motion for continuance due to Crawford's absence at the hearing.

_____

[4]Crawford was not present at the hearing due to her incarceration in Bell County for unauthorized use of a motor vehicle. By the time counsel discovered her whereabouts and arranged for her presence by bench warrant, Crawford had been moved to a SAFP facility and was unavailable for the hearing.

3

However, the trial court found that Crawford's absence was due to her own fault for not keeping counsel advised of her whereabouts and denied the motion.

Termination of parental rights is of such weight and gravity that due process requires the petitioner to justify termination by clear and convincing evidence. *In Interest of G.M.*, 596 S.W.2d 846, 847 (Tex. 1980). In a legal sufficiency review of the evidence to support an order terminating parental rights, we look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). The standard for reviewing the factual sufficiency of termination findings is whether the evidence is such that a reasonable factfinder could form a firm belief or conviction about the truth of the Department's allegations. *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). The record before us demonstrates the evidence was sufficient to support the trial court's termination order.

As in a criminal case, we have independently examined the entire record to determine whether there are any non-frivolous grounds which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found none. We have also reviewed potential arguments raised by Crawford in her response and conclude they do not present reversible error. *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex.Crim.App. 2005).

After reviewing the record, counsel's brief, and Crawford's response, we agree with counsel that the appeal is frivolous.

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice
